**UNITED STATES of America**

v.

**Charles Edward SOLOMON.**

**Crim. A. No. 180–44.**

United States District Court,
S. D. Georgia,
Augusta Division.

May 29, 1980.

---

374

J. Michael Faulkner, Asst. U. S. Atty., Augusta, Ga., for plaintiff.

Martin C. Puetz, Asst. Federal Public Defender, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Pursuant to Fed.R.Crim.P. 12(d)(1), the government gave notice to defendant of its intention to use evidence of an extrinsic offense under Rule 404(b), Federal Rules of Evidence. By response brief, defendant objected to the admissibility of this evidence. In this pre-trial order, under the provisions of Fed.R.Crim.P. 12(d), the Court decides the admissibility issue.

The indictment charges defendant with armed bank robbery, alleging that on December 21, 1979, defendant robbed the First Federal Savings and Loan Association, and in doing so assaulted and put in jeopardy the lives of certain individuals. The extrinsic offense which the government seeks to admit occurred subsequent to the indicted offense. On March 4, 1980, the Central Finance Company was robbed at gunpoint by a black male and a black female. The government argues that this latter offense is sufficiently similar to the offense charged to permit its admission in evidence under Fed.R.Evid. 404(b).

In support of this contention, the government characterizes the similarities of these offenses as follows:

(1) Both robberies occurred several weeks apart in the same city (2) at the same time in morning; (3) in each the description of the robber matched defendant's physical description; (4) in each the robber wore a brimmed hat, (5) sunglasses, (6) a coat and tie, and (7) carried a large dark colored briefcase, (8) in both offenses the robber brandished a large silver pistol; (9) in both the robber was clean shaven; (10) in each two persons were victimized; in both the robber placed his briefcase on the counter and produced the pistol from inside; (11) in each the robber forced one of his victims to place money inside the briefcase; (12) in each the robber forced his victims to open a safe, (13) demanded additional money, (14) warned his victims not to press any alarms, (15) forced one of the victims to place money in his briefcase, and (16) directed his victims to step back from the counter; (17) in each offense the robber told his victims that he would come behind the counter to get additional money and (18) went behind the counter in search of additional money; (19) in both the victims were told not to worry because the money was insured; (20) in each offense the robber accompanied his victims to a closed room in the rear of the establishment, and (21) inquired where there was a room to lock them up; (22) in both the robber took precautionary measures against leaving fingerprints; (23) in both the robber was "professional"; (24) in each offense the robber removed the diaphragm from the mouthpiece of a telephone in a back room of the establishment—at each location there were three other operable telephones from which the diaphragm was not removed; (25) the robber in both told his victims to take no

action for several minutes and that someone was watching them.

The defendant's contrary showing is that, as distinct from the offense charged, the extrinsic offense was perpetrated by two individuals, gloves were not worn thereby necessitating the wiping of any place touched, and the employees of the finance company were bound with white tape.

Rule 404(b) codifies the federal practice of adhering to "a so-called inclusionary rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove only criminal disposition." 2 *Weinstein's Evidence* ¶ 404[08], at 404–41 to –42 (1979). Specifically, the rule provides: "Evidence of other crimes . . is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent preparation, plan, knowledge, identity, or absence of mistake or accident." It is immaterial, for purposes of the rule, whether the extrinsic offense occurred before or after the offense charged. *United States v. Beechum*, 582 F.2d 898, 903 n.1 (5th Cir. 1978).

In *Beechum, supra*, the Fifth Circuit delineated a two-step test to determine the admissibility of extrinsic offense evidence:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403.

582 F.2d at 911. Relevancy, under the first step, refers to the general definitional standards prescribed in Rule 401 and, in particular, is a function of the extrinsic offenses' similarity to the offense charged. *Id.* at 911. The degree of similarity required is determined, in turn, by the nature of the issues to which evidence of the extrinsic offense is addressed. *Id.*

The issue addressed in the instant case is that evidence of the extrinsic offense reveals preparation, plan, and knowledge which demonstrates a *modus operandi* and is probative on identity. The government contends that "[i]t is not only probable but highly likely that the same person committed both these offenses, utilizing the same preparation, plan, and knowledge." As explained by Judge Weinstein, the rationale underpinning the admissibility of this evidence is that

> [c]riminals are not generally highly intelligent and creative artists. They tend easily to fall into detailed patterns serving as "prints" of their crimes. The question for the court is whether the characteristics relied upon are sufficiently idiosyncratic to permit an inference of pattern for purposes of proof.

2 *Weinstein's Evidence* ¶ 404[09], at 404–63 (1969).

█ The Fifth Circuit has stated that evidence of an extrinsic offense probative on the issue of identity is synonymous with *modus operandi. United States v. Goodwin*, 492 F.2d 1141, 1154 (5th Cir. 1974). Such evidence is admissible if the two offenses possess a common feature or features that make it very likely the offenses were perpetrated by the same person, or possess a number of common features of lesser uniqueness which, when considered together, are significantly probative. *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977); *see* 582 F.2d at 912 n.15.

█ Applying this standard, it is apparent that many of the similarities between the offense charged and the extrinsic offense cited by the government are common components of armed bank robberies. *See* 550 F.2d at 1046 & n.18. Yet, a significant common feature is present: the removal of the diaphragm from the mouthpiece of a telephone in a back room of the establishment. Moreover, in the extrinsic offense and in the offense charged, a large silver pistol was brandished and the robber told his victim not to take any action for several minutes, that someone was watching them. Given these similarities, it seems the standards set forth in *Goodwin* and *Myers* are met, and, thus, admissibility of evidence of the extrinsic offense is sanctioned under Fed.R.Evid. 404(b).

The second step of the *Beechum* 404(b) analysis, under Rule 403, is whether the probative value of the extrinsic offense evidence is substantially outweighed by its undue prejudice to defendant. 582 F.2d at 898. As stated in the Advisory Committee Notes to rule 404(b): "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decisions of this kind under Rule 403." *Id.* at n.14. The phrase "unfair prejudice," as used in Rule 403, means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." 1 *Weinstein's Evidence* ¶ 403[03], at 403-15 (1979).

In the pretrial posture of this case, it cannot be said that the danger of undue prejudice to the defendant substantially outweighs the probative value of the extrinsic offense evidence.